UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV-26-01601-ODW (AGR)                               Date:  February 23, 2026

Title   Jelber Ediveth Diaz Osorio v. Timothy S. Robbins, et. al.

Present:  The Honorable:   Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| n/a | n/a |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE AS DUPLICATIVE**

Petitioner has a pending petition for writ of habeas corpus.  *Diaz Osorio v. Robbins, et al.*, CV 26-0757 ODW (AGR) (C.D. Cal.) (filed January 24, 2026) (hereinafter "*Diaz Osorio I*").

This second habeas action (*Diaz Osorio II*) has been opened in this district after a transfer order dated February 13, 2026 transferring this action from the Eastern District of California to the Central District of California for the reasons cited therein.[1]  (Dkt. No. 14.)

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted).  A district court may dismiss the second case without prejudice.  *Id.* at 692 ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the

---

[1]  The court refers to the second habeas action opened in this district as *Diaz Osorio II* even though the petition in that action was first filed in the Eastern District of California before the petition in this district.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-26-01601-ODW (AGR)                                    Date:  February 23, 2026

Title      Jelber Ediveth Diaz Osorio v. Timothy S. Robbins, et. al.

enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'").

To determine whether a suit is duplicative, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.  The court considers four criteria in considering whether the two suits assert the same causes of action:  "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 887 (9th Cir. 2022) (citation omitted).  "The 'most important' factor is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* (quoting *Adams*, 487 F.3d at 689).  The fact that the second suit "involves somewhat different legal theories and a somewhat broader range of related conduct and damages does not alter the underlying fundamental identity of the suits." *Id.*

A review of the two habeas actions reveals that *Diaz Osorio II* is a duplicative action.  Both petitions assert a single claim for relief based on violation of the Fifth Amendment Right to Due Process, and both petitions seek the same relief.  (*Compare* Petition, Dkt. No. 1 in *Diaz Osorio I with* Petition, Dkt. No. 1 in *Diaz Osorio II*.)  The parties in the two habeas petitions are identical except that *Diaz Osorio II* names the Warden of California City Detention Facility, where Petitioner was apparently never in custody, instead of the Warden of Adelanto Processing Center, who was correctly named in *Diaz Osorio I* as custodian of Petitioner.

Accordingly, IT IS ORDERED that Petitioner show cause in writing, on or before ***March 9, 2026***, why the court should not dismiss this action without prejudice as a duplicate action.  The filing of a stipulation and proposed order of dismissal without prejudice by March 9, 2026 shall be sufficient to discharge this order to show cause.

**Initials of Preparer**    kl